IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VERONICA ROBINSON,** : | |
| **Plaintiff,** : | |
| v. : | **CIVIL NO. 06-CV-1838** |
| : | |
| **MICHAEL ASTRUE,** : | |
| Commissioner of Social Security**,** : | |
| **Defendant.** : | |
| : | |

## ORDER

**AND NOW**, this 2nd day of May 2007, upon consideration of Plaintiff's Motion for Summary Judgment [Doc. # 8], Defendant's Response thereto and Cross-Motion for Summary Judgment [Doc. # 12], Plaintiff's Response and Reply [Doc. # 13], United States Magistrate Judge Thomas J. Rueter's Report & Recommendation [Doc. # 14], Defendant's Objections thereto [Doc. # 15], and Plaintiff's Response thereto [Doc. # 16], and after a careful review of the Record in this matter, it is hereby **ORDERED** that:

(1) The Report & Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] Judge Rueter's Report & Recommendation ("R & R") recommends remand so that the Commissioner can consider two global-assessment-of-function scores ("GAF scores") that Plaintiff's treating physician, Dr. Sudha Jalraj, assigned to Plaintiff in December 2004 and May 2005. The R & R explains that because the administrative law judge ("ALJ") failed to consider the GAF scores, her determination regarding Plaintiff's mental impairments is not supported by substantial evidence. R & R at 15 & n.16. It also notes that, on remand, the Commissioner should consider Plaintiff's reports of auditory hallucinations. Id. at 14 n.13.

The Commissioner objects to the R & R by arguing that even though the ALJ did not specifically discuss the GAF scores, she sufficiently discussed the corresponding functional limitations that may be associated with the scores, Def.'s Objections at 1; he further argues that Dr. Jalraj's conclusions should not be credited because the doctor was not aware of Plaintiff's alleged substance-abuse history, id. at 4.

The R & R provides a detailed recitation of the facts in this matter, including a comprehensive review of the proceedings at the ALJ-review level and the ALJ's written decision. The Court adopts the R & R's factual recitation herein, and chooses to reiterate only these facts: (1) Dr. Jalraj was Plaintiff's treating physician for mental-health issues; (2) Dr. Jalraj, based on his treatment of Plaintiff, assigned to Plaintiff a GAF score of 48 in December 2004, and a GAF score of 49 in May 2005, both reflecting "serious symptoms" or "serious impairment"; and (3) the ALJ failed to mention or discuss the significance of these scores or explain her rationale for rejecting their seemingly probative value.

  (2)  The Plaintiff's Motion for Summary Judgment is **GRANTED** inasmuch as it seeks remand for further proceedings for the Commissioner to consider the medical evidence relevant to her alleged mental impairment;

  (3)  Defendant's Motion for Summary Judgment is **DENIED**; and

  (4)  The case is **REMANDED** under the fourth sentence of 42 U.S.C. § 405(g)

---

  Opinions offered by a claimant's treating physician "are entitled to substantial and at times even controlling weight." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001). Although the ALJ may weigh the credibility of evidence offered by a claimant's treating physician, "he must give some indication of the evidence that he rejects and his reason(s) for discounting that evidence." Id. An ALJ's conclusory discounting of significant medical evidence is insufficient to satisfy his duty to meaningfully consider all relevant evidence in the record. See Reefer v. Barnhart, 326 F.3d 376, 381–82 (3d Cir. 2003). Moreover, an ALJ must consider GAF scores—which constitute medical evidence supporting a treating physician's conclusions—and if he discounts them, he must explain why he discounted their significance. See Santiago-Rivera v. Barnhart, No. 05-5698, 2006 WL 2794189, at *10 (E.D. Pa. Sept. 26, 2006) (citing, explaining, and adopting the reasoning of the holdings in Span ex rel. R.C. v. Barnhart, No. 02-7399, 2004 WL 1535768, at *6–7 (E.D. Pa. May 21, 2004), and Escardille v. Barnhart, No. 02-2930, 2003 WL 21499999, at *6 (E.D. Pa. June 24, 2003)).

  In the instant case, the Court agrees with the conclusion in the R & R that the ALJ failed to properly consider the GAF scores in discounting the opinion of Plaintiff's treating physician, Dr. Jalraj. The GAF scores are significant pieces of medical evidence that reflect, at least in this case, a treating physician's evaluation of the claimant's overall ability to function at different points in her treatment. In Plaintiff's case, the GAF scores support and substantiate Dr. Jalraj's July 2005 Medical Source Statement that reports significant functional limitations due to Plaintiff's alleged mental impairments. See R. at 339–41. Nonetheless, the ALJ wholly discounted the doctor's Medical Source Statement by claiming that it is inconsistent with his own treatment notes and Plaintiff's reports of improvement. R. at 22. In doing so, however, she failed to address two pieces of highly probative medical evidence that are consistent with the doctor's ultimate conclusion. Moreover, the ALJ did not discuss *how* the treatment notes were inconsistent with the doctor's Medical Source Statement. See id. Her conclusory dismissal of the doctor's findings without discussing the GAF scores or identifying the contradictory evidence in the record permitting such dismissal is insufficient to satisfy her duty to explain why she was rejecting the evidence.

  Furthermore, the Commissioner's argument that the ALJ ostensibly discussed the GAF scores when she addressed some of the functional limitations identified in the July 2005 Medical Source Statement, is unconvincing. The GAF scores are independent evidence of Plaintiff's alleged impairments that the ALJ had a duty to consider and address. Without specific discussion of the scores, this Court cannot be sure whether the ALJ considered their probative value. Finally, the Court cannot accept the Commissioner's argument that the doctor's findings must be rejected because he was not aware of Plaintiff's substance-abuse history. This argument asks the Court to make a factual determination concerning the credibility of the doctor's report, a determination that is reserved exclusively for the ALJ.

  Therefore, the Court cannot find that the Commissioner's ultimate ineligibility decision is supported by substantial evidence. The Commissioner must fully consider all relevant medical evidence and must fully articulate his rationale for rejecting or accepting the treating physician's opinion. Consequently, the Court remands this matter for further, though limited, proceedings in accordance with the R & R.

for further proceedings consistent with Judge Rueter's Report & Recommendation.

It is **FURTHER ORDERED** that the Clerk of Court shall **CLOSE** this case for statistical purposes.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe
**CYNTHIA M. RUFE, J.**